945 F.2d 406
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rex A. WILSON, Plaintiff-Appellant,
v.
Thomas J. ENRIGHT, Clerk of Courts, Defendant-Appellee.
 No. 91-3349.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and McRAE, Senior District Judge.*
 
 ORDER
 
 2
 Rex A. Wilson, a pro se Ohio prisoner, appeals the district court's summary judgment in favor of the defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The background of this case is accurately set forth in the district court's opinion and order dated March 7, 1991. Wilson asserted in his civil rights complaint that his constitutional rights were violated when the defendants failed to provide him with a copy of his trial transcript for his use in connection with state criminal proceedings. The original defendants in the instant action were Michael Miller, the Franklin County Prosecuting Attorney, and Thomas J. Enright, the Clerk of both the Franklin County Court of Appeals and the Franklin County Court of Common Pleas. Wilson sought monetary relief and attorney fees.
 
 
 4
 By order dated July 3, 1990, the district court dismissed defendant Miller. Thereafter, defendant Enright filed a motion for summary judgment. The district court, in granting defendant's motion for summary judgment, concluded that although the right to a transcript may exist even when, as in the instant case, one free copy has already been provided, Wilson failed to establish sufficient need for that transcript to demonstrate a constitutional violation.
 
 
 5
 Upon review, and for the reasons stated in the district court's opinion and order, we conclude that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). It does not appear from the record that Wilson can establish a need for a transcript of his trial to pursue his ineffective assistance of counsel claim. No available state court remedy exists to pursue that claim. Moreover, because of his procedural default in state court, it does not appear that Wilson can pursue that claim in federal court.
 
 
 6
 Given the lack of an available collateral remedy in either state or federal court, it was incumbent upon Wilson to demonstrate a particularized need for a transcript. See United States v. MacCollom, 426 U.S. 317, 326 (1976). None of Wilson's pleadings in the present case contain any particularized statement indicating that the transcript would be helpful in filing an available collateral attack on his conviction.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation